**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Chad Everett Broadnax,                         )        No. CV 11-0478-PHX-JAT
                                               )
            Plaintiff,                         )        **ORDER**
                                               )
vs.                                            )
                                               )
                                               )
Lorena  Garcia  Ramirez;  Leonard  W.)
Deehan,                                        )
                                               )
            Defendants.                        )
                                               )
_____)

On March 18, 2011, the Court issued the following Order:

Pending before the Court is Plaintiff's motion to proceed in forma pauperis. Before the Court considers that motion, however, the Court will first consider [whether] it has jurisdiction to hear this case. *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003) ("Inquiring whether the court has jurisdiction is a federal judge's first duty in every case.").

Federal courts are courts of limited jurisdiction. As a result, they can hear only those cases that the Constitution and Congress have authorized them to adjudicate: namely, cases involving diversity of citizenship, a federal question, or cases to which the United States is a party. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The party asserting jurisdiction bears the burden of proving a jurisdictional basis exists. *Id.* In this case, because Plaintiff filed his suit in federal district court, he must show that the federal court is authorized to hear the case.

Plaintiff states that jurisdiction is base[d] on 28 U.S.C. § 1332, which is the diversity statute. However, Plaintiff fails to allege his state of citizenship, or the citizenship of either Defendant.[1] Accordingly, Plaintiff will be given the

_____

[1] Plaintiff does state that he is a citizen of the United States, and that Defendant Ramirez is from Mexico, but this type of citizenship allegation is not sufficient under the diversity statute.

1    opportunity to amend his complaint to allege the state of citizenship of each
     party.

2    Therefore,
     IT IS ORDERED that Plaintiff shall file an amended complaint by April 15,

3    2011, alleging the state of citizenship of each party to establish diversity
     jurisdiction or this case will be dismissed, without prejudice, for lack of federal

4    subject matter jurisdiction.

5    Doc. 5.

6           On April 15, 2011, Plaintiff filed an amended complaint.  However, the amended

7    complaint still fails to allege a basis for federal subject matter jurisdiction.

8           Specifically, Plaintiff claims he "resides" in Arizona. While technically residence and

9    citizenship are not the necessarily the same state (*Kanter v. Warner-Lambert*, 265 F.3d 853,

10   857-858 (9th Cir. 2001)), for purposes of this Order, the Court will accept that Plaintiff is a

11   citizen of Arizona.  Then Plaintiff alleges that Defendant Ramirez lives in the state of

12   Arizona, but does so illegally (because she is not a United State citizen).[2]  Plaintiff makes no

13   allegation of the citizenship of Defendant Leonard Deehan, but alleges the Mr. Deehan

14   engages in actions within the state of Arizona.

15          Nothing in Plaintiff's amended complaint pleads complete diversity of citizenship

16   among the parties, nor that the amount in custody exceeds $75,000.  Further, Plaintiff has not

17   stated a federal question.  Thus, Plaintiff has not shown that this Court has jurisdiction to

18   hear this case.  Accordingly,

19          IT IS ORDERED that this case is dismissed, without prejudice, for lack of federal

20   subject matter jurisdiction.

21          IT IS FURTHER ORDERED that the motion to proceed in forma pauperis (Doc. 3)

22   is denied as moot.

23          DATED this 26th day of April, 2011.

24

25                                              _____
                                                James A. Teilborg

26                                              United States District Judge

27
          [2] Plaintiff claims that there is a "federal issue" because Ms. Ramirez is allegedly in

28   the County illegally.